IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN DOSIER,

          Plaintiff,

   v.

CENTRAL OREGON COMMUNITY
COLLEGE, CENTRAL OREGON
COMMUNITY COLLEGE FOUNDATION,
and JIM WEAVER,

          Defendants.

Case No. 6:13-cv-1465-AA
OPINION AND ORDER

---

Kevin T. Lafky
Tonyia J Brady
Daemie M. Kim
Lafky & Lafky
429 Court Street N.E.
Salem, Oregon 97301
    Attorneys for plaintiff

Haley Percell
Benjamin Becker
Oregon School Boards Association
P.O. Box 1068
Salem, Oregon 97308
    Attorneys for defendants

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Susan Dosier moves to amend her complaint against Central Oregon Community College ("COCC"), the COCC Foundation, and Jim Weaver pursuant to Fed. R. Civ. P. 15. For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

## BACKGROUND

From July 2009 through May 2012, plaintiff was employed as an administrative assistant to the executive director of the COCC Foundation. Mr. Weaver was plaintiff's direct supervisor throughout that time. Beginning on or about April 1, 2011, plaintiff also served as president of the employee association, the entity that represents COCC employees in collective bargaining.

Plaintiff took approved family medical leave from November 8, 2011, through November 26, 2011, to take care of her daughter during and after the delivery of her grandchild. Upon her return, plaintiff applied for an internal transfer to another department, which was denied. After several meetings with Mr. Weaver, on April 17, 2012, plaintiff was given a negative employment evaluation and placed on a three-month performance improvement plan. On April 20, 2012, plaintiff was placed on administrative leave, and on May 3, 2012, plaintiff was terminated.

On or about December 13, 2012, plaintiff filed a Bureau of

Page 2 - OPINION AND ORDER

Labor and Industries complaint against the COCC Foundation and COCC. She subsequently filed a complaint in state court, which was removed to this Court on August 21, 2013, alleging violations of state law and 42 U.S.C. § 1983. Plaintiff then filed the present motion to amend.

## STANDARDS

Pursuant to Fed. R. Civ. P. 15, leave to amend proceedings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Fed. R. Civ. P. 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted under this rule, the court generally considers four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted). These factors are not weighted equally: prejudice or futility, alone, is sufficient to deny a motion to amend. Eminence, 316 F.3d at 1052; Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted).

## DISCUSSION

In her proposed amended complaint ("PAC"), plaintiff seeks to: (1) expand the basis of her 42 U.S.C. § 1983 claim to include allegations regarding the deprivation of her procedural due process

Page 3 - OPINION AND ORDER

rights; and (2) add a retaliation claim under Or. Rev. Stat. § 659A.203 relating to the disclosure of her Weingarten rights.

Defendants oppose the PAC for four reasons. First, defendants argue that plaintiff's claims are barred by the relevant statutes of limitations. Second, defendants contend that the proposed amendments would be futile for failure to state a claim. Third, defendants assert that allowing the proposed amendments would be prejudicial because plaintiff has already been deposed and discovery closed on February 6, 2015. Finally, defendants contend that, because she was previously aware of the underlying facts, plaintiff's request for amendment constitutes undue delay and implies bad faith.

I. Futility

A proposed amendment is futile if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A. Statutes of Limitations

A new claim in a PAC that is filed after the expiration of the statute of limitations is proper only if it relates back to a timely original complaint. Fed. R. Civ. P. 15(c)(1)(B). To relate back, a new claim must arise out of the "same conduct, transaction or occurrence" as alleged previously. Mayle v. Felix, 545 U.S. 644,

Page 4 - OPINION AND ORDER

652 (2005).

    1.    <u>Timeliness of the Proposed 42 U.S.C. § 1983 Claim</u>

Claims alleged under 42 U.S.C. § 1983 are subject to a two-year statute of limitations in Oregon. <u>Sain v. City of Bend</u>, 309 F.3d 1134, 1139 (9th Cir. 2004) (citing Or. Rev. Stat. § 12.110). The facts giving rise to plaintiff's new allegations under 42 U.S.C. § 1983 occurred in March and April 2012. PAC ¶¶ 18-19; Pl.'s Reply to Mot. Am. 3. They relate to plaintiff's employment and subsequent termination by defendants as alleged in the original complaint, which was filed on June 27, 2013. Compl. ¶¶ 1-5. As such, plaintiff's proposed amendments under 42 U.S.C. § 1983 are timely.

    2.    <u>Timeliness of the Proposed Or. Rev. Stat. § 659A.203 Claim</u>

Claims made under Or. Rev. Stat. § 659A.203 are subject to a one-year statute of limitations. Or. Rev Stat. § 659A.875; <u>Shepard v. City of Portland</u>, 829 F.Supp.2d 940, 957 (D. Or. 2011). The facts giving rise to plaintiff's new allegations under Or. Rev. Stat. § 659A.203 occurred on September 1, 2011. PAC ¶ 9; Pl.'s Reply to Mot. Am. 3. Although this proposed claim arises out of the same conduct alleged in plaintiff's initial complaint, it does not fall within the statutory limitations period. In other words, this lawsuit was commenced more than one year after plaintiff's claim

Page 5 - OPINION AND ORDER

under Or. Rev. Stat. § 659A.203 accrued, such that the proposed amendment is futile. As a result, plaintiff's motion is denied with respect to her proposed claim under Or. Rev. Stat. § 659A.203.

B.  Failure to State a Claim

"A § 1983 claim based upon the deprivation of procedural due process [has] three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." Dunn v. Reynolds Sch. Dist. No. 7, 2010 WL 4718781, *7 (D.Or. Nov. 15, 2010) (citation omitted). Concerning the first element, "[a]n employee has a constitutionally protected property interest in continued employment if he has a reasonable expectation . . . to [that employment as conferred through a] statute, rule or contract." Id. (citations and internal quotations omitted). Under Oregon law, "whether the parties entered into a contract does not depend on their uncommunicated subjective understanding; rather, it depends on whether the parties manifest assent to the same express terms." DCIPA, LLC v. Lucile Slater Packard Children's Hosp. at Stanford, 868 F.Supp.2d 1042, 1053 (D.Or. 2011) (citation and internal quotations omitted).

Here, defendant disputes only whether a contract for employment existed. Def.'s Resp. to Mot. Dismiss 6. Nevertheless, the PAC alleges that the April 2012 improvement plan, which provided plaintiff "until July 2012 to improve her performance,"

Page 6 - OPINION AND ORDER

could be "reasonably understood to mean that she would be employed until that time and give[n] until that time to improve any alleged performance deficiencies." PAC ¶¶ 18-19. In other words, plaintiff asserts that the work improvement plan, which defendant does not challenge the existence or terms of, was an express or implied contract that was breached by her May 2012 termination. See id. at ¶ 36 ("[defendant] deprived Plaintiff of her property interest and interfered with her property interest without due process by failing to ensure that Plaintiff's [Weingarten] complaints were not taken into account in Plaintiff's termination and that Plaintiff's termination process was free from retaliation"). The Court finds these allegations sufficient, at this stage in the proceedings, to state a procedural due process claim under 42 U.S.C. § 1983.

II.  Prejudice

Prejudice may be found where additional claims are "raised at the eleventh hour, after discovery [is] virtually complete and the [defendant's] motion for summary judgment [is] pending before the court." Roberts v. Ariz. Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981). Prejudice may also be found if the parties need to reopen discovery or "have engaged in voluminous and protracted discovery." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (citation and internal quotations omitted).

The facts before the Court weigh against a finding of prejudice. It is undisputed that plaintiff filed her motion several

Page 7 - OPINION AND ORDER

months before the end of discovery and offered defendants the opportunity to depose her again in regard to her new allegations. Pl.'s Reply to Mot. Am. 5. Furthermore, there is no indication that the parties engaged in voluminous and protracted discovery. Accordingly, any expenses associated with re-deposing plaintiff do not rise to such a level of prejudice to overcome the extreme liberality with which courts evaluate motions to amend.

III. Undue Delay and Bad Faith

"Although delay is not a dispositive factor in the amendment analysis, it is relevant . . . especially when no reason is given for the delay." Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (citations omitted). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Acri v. Int'l Ass'n of Machinist & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986) (citations omitted).

Plaintiff asserts that Mr. Weaver's August 26, 2014, deposition revealed new facts underlying her motion. Pl.'s Reply to Mot. Am. 3-4. While these new facts support her PAC, the Court agrees with defendants that plaintiff had sufficient knowledge of such facts at the time of her original filing. See, e.g., Compl. ¶¶ 6-20. Nonetheless, plaintiff filed the PAC on November 26, 2014, several months before the deadlines for the completion of discovery

Page 8 - OPINION AND ORDER

and filing of dispositive motions, making this case distinguishable from those on which defendants rely. See Defs.' Resp. to Mot. Am. 4 (citations omitted). Moreover, there is no evidence of bad faith. The Court therefore does not find undue delay sufficient to justify the denial of plaintiff's motion in regard to her 42 U.S.C. § 1983 claim.

## CONCLUSION

For the reasons provided above, plaintiff's motion to amend (doc. 26) is GRANTED as to the proposed 42 U.S.C. § 1983 claim and DENIED in all other respects. Any amended complaint should be filed with this court within ten (10) days of this Order.

IT IS SO ORDERED.

Dated this 19th day of March 2015.

_____
Ann Aiken
United States District Judge