IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SUSAN DOSIER,

          Plaintiff,

   vs.

CENTRAL OREGON COMMUNITY COLLEGE
and JIM WEAVER,

          Defendants.

Civil No. 6:13-cv-1465-AA
OPINION AND ORDER

Daemie M. Kim
Kevin T. Lafky
Tonyia J. Brady
Lafky & Lafky
429 Court Street, NE
Salem, OR 97301
    Attorneys for plaintiff

Page 1 - OPINION AND ORDER

Benjamin R. Becker
Haley E. Percell
John M. Stellwagen
Kate A. Wilkinson
Oregon School Boards Association
1201 Court Street NE
Salem, Oregon 97301
    Attorneys for defendants

AIKEN, Chief Judge:

    Plaintiff Susan Dosier filed this action against Defendants Central Oregon Community College ("COCC") and Jim Weaver ("Weaver"), alleging discrimination and retaliation against COCC under the Oregon Family Medical Leave Act ("OFLA"), Or. Rev. Stat. §§ 659A.150-659A.186, and aiding and abetting liability against Weaver in violation of Or. Rev. Stat. § 659A.030(1)(g). Plaintiff further alleges Weaver violated her right to due process under the Fourteenth Amendment of the United States Constitution and that COCC intentionally interfered with her prospective economic relations. Defendants move for summary judgment on all claims.

    For the reasons set forth below, defendants' motion is granted in part and this action is dismissed and remanded to state court.

## BACKGROUND

    Weaver worked as the Executive Director of the COCC Foundation. In July 2010, plaintiff began working as Weaver's Administrative Assistant. In April 2011, Weaver evaluated plaintiff's work as "outstanding" and gave her "particularly high" ratings in her first annual performance review.

Page 2 - OPINION AND ORDER

In June 2011, plaintiff's daughter became pregnant. Weaver and plaintiff had a series of oral and written communications regarding plaintiff's desire to take leave when the baby was born. Weaver repeatedly rejected plaintiff's requests for a schedule change permitting her to work four rather than five days a week. Plaintiff told Weaver she was concerned her daughter would suffer postpartum depression. Weaver responded she would be able to take medical leave if that happened.

Plaintiff and Weaver agree their employment relationship began to sour in June 2011, but they disagree about the source of the problem. Although Weaver never told her he was unhappy about her decision to take leave, plaintiff alleges he began to treat her differently soon after they discussed her daughter's pregnancy and available leave options. He was "continually hostile," "repeatedly ask[ed] for information even after it was provided" and began, for the first time, to express dissatisfaction with plaintiff's job performance. Doc. 54-1 at 113. Weaver agrees the trouble started in June 2011, but says he had no issue with plaintiff taking medical leave. Instead, he alleges he began to notice problems with plaintiff's work performance.

Plaintiff's daughter was diagnosed with postpartum depression. Plaintiff's request for medical leave was approved, and she obtained an extension while out on leave. She was on leave from November 9, 2011 to November 26, 2011. Plaintiff alleges her

Page 3 - OPINION AND ORDER

employment relationship with Weaver worsened upon her return from leave.

In April 2012, plaintiff received a second annual performance evaluation. Unlike the first review, this review was largely negative, and it referenced specific problems with plaintiff's job performance. For example, Weaver commented plaintiff failed to take specific actions—such as obtain and install a particular software program on her computer; provide him with weekly updates on her tasks and priorities; and run an annual donor report—despite his repeated requests that she do so. During her annual review meeting, plaintiff disputed the accuracy of Weaver's complaints. She received an overall unsatisfactory rating of 2 out of 5, which led Weaver to place her on a "plan of assistance" as required by the collective bargaining agreement.

On April 17, 2012, Weaver convened a plan of assistance meeting with plaintiff. Buckles and plaintiff's union representative were in attendance. The plan outlined "Expected Improvements" in the areas of timeliness, prioritizing work, attention to detail, follow through, initiative, and communication. The document concluded with text from the collective bargaining agreement, providing that an employee who meets the conditions of the plan of assistance by June 30 is entitled to retain her position and to receive a contractual pay increase. Weaver wrote, "I am optimistic that with a positive response to this plan, you

Page 4 - OPINION AND ORDER

can achieve a satisfactory evaluation and receive the contractual increase on July 1." Doc. 71-24 at 2.

In the plan of assistance meeting, plaintiff again disputed the accuracy of the incidents documented in the second evaluation and referred to in the plan of assistance. At some point, plaintiff told Weaver he was not being truthful. Plaintiff refused to sign the plan of assistance, understanding it would take effect regardless.

Three days later, on April 20, 2012, Weaver placed plaintiff on administrative leave, instructing her to hand in her keys and leave the campus immediately. On April 24, 2012, plaintiff was provided with a "Notice of Proposed Dismissal and Pre-dismissal Hearing." The Notice explained Weaver was recommending plaintiff's dismissal because their working relationship was "damaged . . . beyond repair." Doc. 71-25 at 1. Weaver proposed dismissal as of May 1, 2012, based on plaintiff's (1) "inability or unwillingness to recognize and achieve the required level of performance required by [her] position"; (2) "failure to constructively participate in a contractually required process to assist [her] with performance issues"; (3) "refus[al] to acknowledge any responsibility for any performance or behavioral issues identified by [her] supervisor"; and (4) "repeatedly calling [her] supervisor a liar." Doc. 71-25 at 1-2.

Page 5 - OPINION AND ORDER

COCC convened a predismissal hearing on April 27, 2012. Plaintiff was accompanied by a union representative and presented evidence at the hearing. She compared her two performance reviews, and again disputed the accuracy of the negative items listed in the second review. After the hearing, COCC terminated plaintiff's employment, effective May 3, 2012. The termination letter specifically states plaintiff was dismissed not because of the problems documented in the evaluation, but due to her "behavior in the meeting regarding a plan of assistance," specifically her unwillingness to accept responsibility for performance and behavioral issues identified by Weaver.

On June 19, 2013, plaintiff filed an action in Deschutes County Circuit Court. Defendants then removed the action to this court.

## STANDARDS

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. Id.; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324. "Summary judgment is inappropriate if reasonable jurors,

Page 6 - OPINION AND ORDER

drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." Diaz v. Eagle Produce Ltd. Partnership, 521 F.3d 1201, 1207 (9th Cir. 2008).

## DISCUSSION

Plaintiff brings a claim under 42 U.S.C. § 1983, asserting Weaver violated her right to due process under the Fourteenth Amendment of the United States Constitution. To prevail on a procedural due process claim, a plaintiff must demonstrate "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). The parties agree plaintiff had a protected property interest in continued employment with COCC, but they disagree over whether she was provided with adequate procedural protections.

"The essential requirements of due process . . . are notice and an opportunity to respond." Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). A public employee with a property interest in continued employment is entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and opportunity to present his side of the story." Id.

Plaintiff received a pre-dismissal letter outlining the reasons for her proposed termination. At the pre-dismissal hearing, she had a union representative present and an opportunity

Page 7 - OPINION AND ORDER

to present evidence. Plaintiff has not alleged that the hearing officer was biased. After the hearing, plaintiff was terminated for reasons included in the pre-dismissal letter. That process was adequate to satisfy the requirements of procedural due process.

Plaintiff asserts Weaver violated the collective bargaining agreement and/or an implied or express contract in the plan of assistance. Specifically, Weaver failed to give her until June 30 to meet the plan of assistance requirements and initiated dismissal proceedings without first engaging in progressive discipline. These assertions are not procedural due process claims. See Dias v. Elique, 436 F.3d 1125, 1131 n.3 (9th Cir. 2006) (declining to decide whether to recognize a cause of action for "a substantive due process injury resulting from arbitrary and unreasonable termination of government employment" (emphasis added)).

Plaintiff also asserts she was effectively prevented from challenging the veracity of Weaver's assessment of her job performance. She alleges Weaver's characterization of her behavior in the meetings as a "refus[al] to accept . . . responsibility," doc. 71-25 at 2, as well as COCC's eventual adoption of that same characterization in its termination decision, deprived her of any meaningful ability to be heard. But without an allegation of improper bias on the part of the hearing officer, plaintiff's procedural due process argument fails. Plaintiff had the opportunity to present her side of the story, including her

allegation that some of Weaver's comments were false. The hearing officer listened to all testimony and rendered a decision. The fact that the hearing officer credited Weaver rather than plaintiff does not mean plaintiff was deprived of procedural due process. Plaintiff failed to demonstrate a genuine issue of material fact as to the adequacy of the pretermination procedures provided by COCC. Therefore, summary judgment is granted on plaintiff's due process claim.

## SUPPLEMENTAL JURISDICTION OVER PENDENT STATE LAW CLAIMS

I need not consider plaintiff's remaining state law claims against defendants as I decline to exercise supplemental jurisdiction over those claims. Title 28 U.S.C. § 1367 provides the basis for supplemental jurisdiction:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The court has discretion to "decline to exercise" supplemental jurisdiction in various circumstances including when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §.1367(c)(3).

That is exactly the situation at bar. Here, supplemental jurisdiction over the state law claims was based on federal question jurisdiction over the single federal claim, for violation

Page 9 - OPINION AND ORDER

of procedural due process. The court grants summary judgment on the federal claim, and declines to exercise jurisdiction over the remaining state law claims. Therefore, this complaint is dismissed in its entirety.

## CONCLUSION

Defendants' motion for summary judgment (doc. 53) is GRANTED in part (as to claim 4). The parties' request for oral argument is DENIED as unnecessary. This action is DISMISSED and REMANDED to state court for further action.

IT IS SO ORDERED.

Dated this 14 of October ~~September~~ 2015.

_____
Ann Aiken
United States District Judge